IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CHRISTINE PATTERSON, ) | Civil Action No. 4:12-1021-DCN-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| CAROLYN W. COLVIN,[1] ACTING ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## JURISDICTION

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied.

## PROCEDURAL HISTORY

The Plaintiff, Christine Patterson, filed an application for DIB and SSI on March 24, 2010, alleging a disability onset date of May 11, 2007. Plaintiff requested a hearing before an

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

administrative law judge (ALJ) after her claim was denied initially and on reconsideration. A hearing was held on November 4, 2011, at which Plaintiff appeared with counsel and testified along with a vocational expert (VE). The ALJ issued a decision on December 15, 2011, finding that Plaintiff was not disabled. After the Appeals Council denied Plaintiff's subsequent request for review of the ALJ's decision, the ALJ's decision became the Commissioner's final decision for purposes of judicial review under 42 U.S.C. § 405(g). See 20 C.F.R. § 404.981. Plaintiff filed this action on April 14, 2012.

## FACTUAL BACKGROUND

The Plaintiff, Christine Patterson, was born December 15, 1969. Plaintiff completed the twelfth grade but received a certificate rather than a diploma. Plaintiff has past relevant work experience as a cashier, inspector, mold operator, price marker, and sewing machine operator. Plaintiff alleged disability since May 11, 2007, after an accident at work on April 7, 2007, wherein she injured her right leg.

## DISABILITY ANALYSIS

The Plaintiff's arguments consist of the following, quoted verbatim:

(1) The ALJ erred in failing to find that the Plaintiff's medical condition met or was equal to Listing 1.02.

(2) The ALJ erred in the determination of the claimant's residual functional capacity in finding that she was capable of performing light work activity.

(3) The ALJ's decision is not supported by substantial evidence.

2

(Plaintiff's brief).

In her decision of December 15, 2011, the ALJ made the following findings of fact and conclusions of law:

1.  The claimant meets the insured status requirements of the Social Security Act on December 31, 2011.

2.  The claimant has not engaged in substantial gainful activity since May 11, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3.  The claimant has the following severe impairments: right leg pain, right knee pain status post anterior cruciate ligament surgery, and right quadriceps atrophy (20 CFR 404.1520(c) and 416.920(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) in that she can lift and carry up to twenty pounds occasionally and ten pounds frequently; stand and walk for about two hours in a workday; and sit throughout the workday. She can occasionally stoop, balance, twist, crouch, kneel, crawl, and climb stairs or ramps, but never climb ladders, ropes, or scaffolds, she can never operate foot pedals or other controls with the right lower extremity. She must avoid moderate exposure to hazards such as unprotected heights and dangerous machinery.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.  The claimant was born on December 15, 1969 and was 37 years old, which is defined as a younger individual age 18-49, on the alleged onset date (20 CFR 404.1563 and 416, 963).

8.  The claimant completed the twelfth grade but did not receive a diploma. She is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a

    finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11.  The claimant has not been under a disability, as defined in the Social Security Act, from May 11, 2007, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 17-26).

Under the Social Security Act (the Act), 42 U.S.C. § 405 (g), this court's scope of review of the Commissioner's final decision is limited to determining: (1) whether the decision of the Commissioner is supported by substantial evidence, and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390. Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The Court's scope of review is specific and narrow. It does not conduct a de novo review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405 (g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a.. An ALJ must consider: (1) whether the claimant is engaged in substantial gainful

activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairments prevent him from any substantial gainful employment.

Under 42 U.S.C. §§ 423 (d)(1)(A) and 423(d)(5), pursuant to the Regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." See 20 C.F.R. § 404.1505(a); Blalock, 483 F.2d at 775.

If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An ALJ's factual determinations must be upheld if supported by substantial evidence and if proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

A claimant is not disabled within the meaning of the Act if he can return to his past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. SSR 82-62. The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423 (d)(5). He must make a prima facie showing of disability by showing he was unable to return to his past relevant work. Grant v. Schweiker, 699 F. 2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden

is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the national economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy that the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. Id. at 191.

## PLAINTIFF'S SPECIFIC ARGUMENTS

**Listing 1.02**

Plaintiff contends that the ALJ erred at step three of the sequential evaluation process because she failed to properly analyze whether her medical condition met or was equal to Listing 1.02. Plaintiff asserts the ALJ devoted only a single paragraph to her evaluation of whether Plaintiff met a listing and then failed to consider whether the medical condition was "equal" to the listing.

Defendant argues in response that the ALJ reasonably found that Plaintiff's impairments did not meet or equal Listing 1.02. Defendant asserts that no physician made the required medical findings that would have established Plaintiff met Listing 1.02 as there was no medical imaging showing joint space narrowing, bony destruction, or ankylosis after Plaintiff's second knee surgery. Defendant cited the Seventh Circuit case of Stephens v. Heckler, 766 F.2d 284, 287-88 (7th Cir. 1985) in defending the ALJ's decision for the proposition that "when the decision is read in its entirety, it is apparent that the ALJ sufficiently articulated the reasons why Plaintiff did not meet Listing 1.02. " (Defendant's brief, p. 14).

The "Listings," found at 20 C.F.R. part 404, subpart P, appendix 1, "is a catalog of various disabilities, which are defined by 'specific medical signs, symptoms, or laboratory test results.' "

Bennett v. Sullivan, 917 F.2d 157, 160 (4th Cir.1990) (quoting Sullivan v. Zebley, 493 U.S. 521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990)). A claimant's impairment meets a Listing if "it satisfies all of the criteria of that listing, including any relevant criteria in the introduction, and meets the duration requirement." 20 C.F.R. § 404 .1525(c)(3). When a claimant satisfies a listing by meeting all its specified medical criteria, he presumably qualifies for benefits. See Bennett, 917 F.2d at 160. The impairment medically equals a Listing "if it is at least equal in severity and duration to the criteria of any listed impairment." Id. § 404.1526(a). If a claimant has a listed impairment, but: 1) does "not exhibit one or more of the findings specified in the particular listing, or" 2) exhibits "all of the findings, but one or more of the findings is not as severe as specified in the listing," the claimant's impairment is medically equivalent to the listing if the claimant has "other findings related to [his or her] impairment that are at least of equal medical significance to the required criteria." 20 C.F.R. § 404.1526(b)(1).

At step three, to determine whether a claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1, the ALJ must identify the relevant listed impairments and then compare the listing criteria with evidence of claimant's symptoms. Cook v. Heckler, 783 F.2d 1168 (4th Cir. 1986). In Cook v. Heckler, the court held that "the ALJ should have identified the relevant listed impairments. He should then have compared each of the listed criteria to the evidence of [the claimant's] symptoms. Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination." Cook, 783 F.2d at 1173.

Listing 1.02 states the following:

> 1.02 Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;

In this case, the ALJ found as follows:

> Special consideration was given to Section 1.02 of the Listing of Impairments. The claimant's right lower extremity impairment has not resulted in gross anatomical deformity, chronic joint pain and stiffness with signs of limitation of motion or to her abnormal motion of one major peripheral weight-bearing joint, resulting in an inability to ambulate effectively, as required to meet Section 1.02A of the Listing of Impairments. The claimant does not meet or equal the cited section or any other section of the Listing of Impairments. These findings are consistent with the residual functional capacity described below.

(Tr. 19).

As set out above, the ALJ set out the requirements of Listing 1.02 in finding Plaintiff did not meet the Listing, the ALJ did not detail his rationale for why Plaintiff's impairments did not meet or medically equal Listing 1.02. Plaintiff asserts that the medical evidence reveals she had contractures and that there is evidence of chronic join pain and stiffness with signs of limitation of motion. In Dr. Holme's notes of March 30, 2008, after the second surgery, it is noted that Plaintiff was given a 7% impairment rating for the "postoperative contractures" and noted continued problems with motion. In Dr. Lehman's report of May 12, 2008, his impression after reviewing the MRI, records and performing an evaluation was "Residual contracture and chronic pain syndrome with limp, status post arthroscopically assisted ACL reconstruction right knee complicated by arthrofibrosis,

8

status post work injury 4/6/07." (Tr. 323). As the ALJ noted in her decision, Dr. Lehman prepared a letter dated October 22, 2008, commenting that the claimant's work injury also affected her back and she had a 7% impairment rating of the back. (Tr. 477-478). There was evidence of abnormal gait and residual problems with walking and motion after the surgeries. Dr. Lehman's findings supported a diagnosis of arthrofibrosis with residual motion deficits, and he gave her a 21% impairment raiting to her right lower extremity. (Tr. 321-324). On September 23, 2008, Dr. Lehman examined the Plaintiff and concluded that "[s]he continues to have a very significant limp on the right with a tight Achilles tendon, still having some pain into the right leg in a radicular manner but without neurologic deficit." (Tr. 335). Dr. Lehman opined that her abnormal gait is creating significant mechanical symptoms about the back with an impression of "...chronic right knee difficulties despite extensive treatment for meniscus tear and ACL rupture, persistent limp and quad weakness with flexion contracture, low back pain likely related to abnormal gait and malignment, no definite signs of any internal derangement." (Tr. 335).

While the Commissioner cites to evidence and arguments in support of the ALJ's decision, it is the ALJ, not the Commissioner, that must explain the findings. By the Commissioner setting forth the reasons, it is a post-hoc rationalization, which the Court cannot consider. See Golembiewski v. Barnhart, 322 F.3d 912, 915-16 (7th Cir.2003) ("[G]eneral principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ."); Steel v. Barnhart, 290 F.3d 936 (7th Cir.2002) ("But regardless whether there is enough evidence in the record to support the ALJ's decision, principles of administrative law require the ALJ to rationally articulate the grounds for her decision and confine our review to the reasons supplied by the ALJ.").

While the ALJ believes that Plaintiff retains sufficient RFC to engage in substantial gainful activity, she must present a proper analysis of the Listing.  Significantly, if a claimant meets a Listing, the sequential evaluation does not proceed to an RFC assessment. [2]

The ALJ's conclusion that Plaintiff's impairments did not meet or medically equal the listing requirements of 1.02 is inadequately explained. Accordingly, it is not possible for the Court to conduct a proper review of the record to determine if there was substantial evidence to support the unfavorable decision without a proper analysis with  regard to Listing 1.02. Therefore, this case is remanded for a proper determination of whether Plaintiff has an impairment that is meets or is medically equal in severity to  Listing 1.02.[3]

**CONCLUSION**

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, speculate on the record presented.

Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 495(g), it is,

RECOMMENDED that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative

---

[2] In addition, the Court cannot adequately address Plaintiff's remaining argument with relation to the RFC.

[3] In making this recommendation, this court does not express an opinion as to the merits of the Plaintiff's claims, but recommends a remand to the ALJ for a proper evaluation so that the court can determine if substantial evidence supports the ALJ's decision.

action as set out above.

                                                              s/Thomas E. Rogers, III
                                                              Thomas E. Rogers, III
                                                              United States Magistrate Judge

June 26, 2013
Florence, South Carolina